IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERROD KEARNEY, | No. C 09-05308 (PR) CW |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS |
| v. | CORPUS |
| G. SWARTHOUT, Warden, | |
| Respondent. | |

_____/

INTRODUCTION

Petitioner Sherrod Kearney, a state prisoner incarcerated at Vacaville State Prison, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

The following facts are taken from the opinion of the California Court of Appeal.  Resp't's Ex. A.

Petitioner was accused of injuring Leticia Garcia in three separate incidents in 2004, and of arson in connection with the third incident.  The jury found him guilty of three counts of corporal injuries on a cohabitant and one count of arson of an inhabited structure.  At Petitioner's preliminary hearing, the arresting officers from the three incidents testified about Garcia's statements to them at the time of those incidents.  At the preliminary hearing, Garcia acknowledged making statements to officers that incriminated Petitioner, but she then repudiated them.  At trial, Garcia invoked her rights under the Fifth Amendment of the United States Constitution and refused to testify

United States District Court
For the Northern District of California

regarding the three incidents or her relationship with Petitioner.
Instead, a transcript of Garcia's testimony at Petitioner's
preliminary hearing was read to the jury.  Petitioner's trial
counsel did not object to admission of Garcia's preliminary
hearing transcript, but she did object to the admission of the
officers' preliminary hearing transcripts.

The California Court of Appeal affirmed the judgment on March
27, 2008.  The California Supreme Court denied review on July 9,
2008.  The United States Supreme Court denied certiorari on
November, 3, 2008.

Petitioner filed a petition for a writ of habeas corpus in
the California Supreme Court on November 3, 2009.  Petitioner then
filed a federal habeas petition with this Court on November 9,
2009.  On February 10, 2010, this Court stayed the federal
proceedings pending Petitioner's exhaustion of state judicial
remedies.  Petitioner's state petition was denied on April 22,
2010; Petitioner's amended federal habeas petition was filed on
September 1, 2010.

LEGAL STANDARD

I. Habeas Corpus

A federal writ of habeas corpus may not be granted with
respect to any claim that was adjudicated on the merits in state
court unless the state court's adjudication of the claims:
"(1) resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established Federal law, as
determined by the Supreme Court of the United States; or

**United States District Court**
For the Northern District of California

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 363, 412-13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

The only definitive source of clearly established federal law under Title 28 U.S.C. section 2254(d) is in the holdings of the Supreme Court as of the time of the relevant state court decision. Id. at 412. But circuit law may be persuasive authority for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law. Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir. 2003).

In determining whether the state court's decision is contrary to, or involved an unreasonable application of, clearly established federal law, a federal court looks to the decision of the highest state court to address the merits of a petitioner's claim in a reasoned decision. LaJoie v. Thompson, 217 F.3d 663, 669 n.7 (9th Cir. 2000). If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and

1  injurious effect or influence in determining the jury's verdict.'"

2  <u>Penry v. Johnson</u>, 532 U.S. 782, 795 (2001) (quoting <u>Brecht v.</u>

3  <u>Abrahamson</u>, 507 U.S. 619, 638 (1993)).

4                              DISCUSSION

5       Respondent's answer poses two grounds on which the petition

6  should be denied: (1) Petitioner has submitted a mixed petition

7  because he has not exhausted all of his claims; and (2)

8  Petitioner's claims do not survive on the merits.

9  I. Mixed Petition

10      Respondent argues, without explanation, that Petitioner

11  failed to exhaust state remedies for his claim of ineffective

12  assistance of appellate counsel.  On this basis, Respondent argues

13  that Petitioner has submitted a mixed petition that must be

14  dismissed.  This argument fails; Petitioner included a claim for

15  ineffective assistance of appellate counsel in his state habeas

16  petition, Resp.'s Ex. B, and "habeas corpus is the appropriate

17  means to remedy deprivation of the effective assistance of

18  appellate counsel."  <u>In re Spears</u>, 157 Cal. App. 3d 1203, 1208

19  (1984).

20  II. The Merits of the Petition

21       A. Confrontation Right

22      This Court examines the reasonableness of the decision of the

23  California Court of Appeal.  It addressed Petitioner's argument

24  that the admission of the officers' preliminary hearing testimony,

25  containing prior statements made by Garcia, violated his

26  constitutional right to confront witnesses against him because he

27  never had an opportunity to confront Garcia.  The rule announced

28  in <u>Crawford v. Washington</u> requires that, in order for testimonial

                                4

**United States District Court**
For the Northern District of California

1 | hearsay statements to be admissible, the witness must be
2 | unavailable and the defendant must have had a prior opportunity to
3 | cross-examine that witness.  541 U.S. 36, 53-54 (2004).  Although
4 | Garcia's statements were likely testimonial, it is unnecessary to
5 | make that determination, because there was an opportunity for
6 | cross-examination.

7 |     The Court of Appeal reasonably decided that Petitioner's
8 | confrontation right had not been violated by the admission of the
9 | officers' and Garcia's preliminary hearing transcripts.  Garcia
10 | invoked her Fifth Amendment right and refused to testify at trial,
11 | but she testified at Petitioner's preliminary hearing, and was
12 | cross-examined by Petitioner's trial counsel.  Petitioner argues
13 | that this opportunity to cross-examine Garcia at the preliminary
14 | hearing was inadequate.  It was at this hearing that Garcia
15 | repudiated her previous statements to officers as false
16 | accusations against Petitioner.  The court analogized Petitioner's
17 | case to "a similar situation" in which the California Court of
18 | Appeal found that an officer's testimony containing a witness's
19 | previous statements to him did not violate Crawford because the
20 | defendant had the opportunity to cross-examine the witness at the
21 | preliminary hearing.  See People v. Price, 120 Cal. App. 4th 224,
22 | 235 (2004).  "Generally speaking, the Confrontation Clause
23 | guarantees an opportunity for effective cross-examination, not
24 | cross-examination that is effective in whatever way, and to
25 | whatever extent, the defense might wish."  Delaware v. Fensterer,
26 | 474 U.S. 15, 20 (1985).  The Court of Appeal in Petitioner's case
27 | cited the Supreme Court in explaining its decision: "The most
28 | successful cross-examination at the time the prior statement was

made could hardly hope to accomplish more than has already been accomplished by the fact that the witness is now telling a different, inconsistent story, and--in this case--one that is favorable to the defendant."  Resp't's Ex. A (quoting California v. Green, 399 U.S. 149, 159 (1970)).  Petitioner not only had the opportunity to cross-examine Garcia but, in doing so, elicited testimony that was in his favor.

B. Right to Counsel

Petitioner claims that his trial counsel failed to object to hearsay testimony, that her failure to object fell below the standard of performance required by the Sixth Amendment, and that she admitted she had no time to investigate or prepare for his defense.  He claims that a reasonable probability exists that, but for trial counsel's failures in these regards, a result more favorable to Petitioner would have occurred.  Petitioner further claims that his appellate counsel failed to present newly discovered, exculpatory evidence on appeal, which prevented him from obtaining a more favorable result.

1. Legal Standard

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result.  Id.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, Petitioner must establish two things. First, he must establish that counsel's performance was deficient, that is, that it fell below an "objective standard of reasonableness" under prevailing professional norms. Id. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Strickland framework for analyzing ineffective assistance of counsel claims is considered to be "clearly established Federal law, as determined by the Supreme Court of the United States" for the purposes of Title 28 U.S.C. section 2254(d) analysis. See Williams v. Taylor, 529 U.S. 362, 404-08 (2000).

2. Ineffective Assistance of Trial Counsel

Petitioner argues that trial counsel was ineffective for failing to object to admission of Garcia's and the officers' preliminary hearing testimony and for failing to remove herself from Petitioner's case despite allegedly not having the time to investigate the facts and prepare an adequate defense. As set out in Strickland, the Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689.

It was reasonable for Petitioner's counsel not to object to admission of Garcia's preliminary hearing testimony. Garcia's testimony at the preliminary hearing was exculpatory, and the only evidence that controverted Garcia's original statements to the police. Petitioner also contends that counsel was ineffective for

**United States District Court**
For the Northern District of California

1  failing to object to admission of the officers' preliminary

2  hearing testimony.  His argument fails because she did in fact

3  object to the officers' testimony.  As to both of these claims,

4  Petitioner also fails to satisfy the second part of the Strickland

5  analysis because he fails to show how the admission of the

6  statements caused him any prejudice: Garcia's testimony was in his

7  favor; the officers were available to testify, did testify, and

8  were cross-examined at his trial.

9       Petitioner further claims that his trial counsel should have

10  removed herself from his case because she lacked the time to

11  investigate and prepare a defense.  Although Petitioner does not

12  explain the facts behind the claim in his federal petition, his

13  state petition identifies statements made at a Marsden[1] hearing,

14  where Petitioner complained that his counsel had asked

15  Petitioner's mother to help investigate the case.  Petitioner

16  argued that trial counsel had failed to send an investigator.  Ex.

17  O.  Trial counsel replied that she did have an investigator and

18  that she enlisted the mother's help because people in the

19  community do not like to talk to attorneys.  Id.  The court denied

20  Petitioner's motion and found trial counsel's representation

21  reasonable and competent.

22            3. Ineffective Assistance of Appellate Counsel

23       Petitioner bases his claim for ineffective assistance of

24  appellate counsel on appellate counsel's failing to complain that

25  trial counsel was ineffective for not introducing letters and

26  _____

27  [1] People v. Marsden, 2 Cal.3d 118 (1970), provides for a hearing
   for a criminal defendant who wishes to discharge counsel and

28  substitute new counsel based on inadequate representation.

**United States District Court**
For the Northern District of California

1  declarations from Garcia containing what Petitioner believed was

2  exculpatory evidence.  These letters and declarations contain

3  statements by Garcia repudiating her initial statements to police.

4  Petitioner moved for a new trial and presented these materials to

5  the trial court.  The Constitution imposes no obligation on

6  appellate counsel to raise every issue, even non-frivolous ones,

7  requested by a defendant.  <u>Jones v. Barnes</u>, 463 U.S. 745, 751-754

8  (1983) (rejecting <u>per se</u> rule that client must be allowed to

9  decide what issues to present on review).  Rather, "the weeding

10 out of weaker issues is widely recognized as one of the hallmarks

11 of effective appellate advocacy."  <u>Miller v. Keeney</u>, 882 F.2d

12 1428, 1434 (9th Cir. 1989).  Not only is Petitioner's appellate

13 counsel entitled to discretion on which issues to raise on appeal

14 but, as the trial court observed at the hearing on Petitioner's

15 new trial motion, Garcia's statements were cumulative as "further

16 recantation or reassertion of the testimony given at the

17 preliminary hearing under oath."  The trial judge opined that the

18 letters would not have resulted in a different jury verdict.  Ex.

19 G. at 703-704.

20                              CONCLUSION

21      For the foregoing reasons, the petition for writ of habeas

22 corpus is DENIED.

23      Rule 11(a) of the Rules Governing Section 2254 Cases now

24 requires a district court to rule on whether a petitioner is

25 entitled to a certificate of appealability in the same order in

26 which the petition is denied.  Reasonable jurists could find the

27 Court's assessment of Petitioner's claims debatable.  <u>See</u> <u>Slack v.</u>

28 <u>McDaniel</u>, 529 U.S. 473, 484 (2000).  Thus, a certificate of

appealability is GRANTED.  The Clerk of the Court shall enter

judgment in favor of Respondent and close the file.


     IT IS SO ORDERED.


Dated:  11/8/2011

CLAUDIA WILKEN
United States District Judge

**United States District Court**
For the Northern District of California