United States District Court
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4  SHERROD KEARNEY,                          No. C 09-05308 (PR) CW

5         Petitioner,                        ORDER DENYING PETITION
                                             FOR WRIT OF HABEAS
6     v.                                     CORPUS

7  G. SWARTHOUT, Warden,

8         Respondent.

9  _____/

10

11                      INTRODUCTION

12      Petitioner Sherrod Kearney, a state prisoner incarcerated at

13  Vacaville State Prison, has filed a petition for a writ of habeas

14  corpus pursuant to 28 U.S.C. § 2254.

15                       BACKGROUND

16      The following facts are taken from the opinion of the

17  California Court of Appeal.  Resp't's Ex. A.

18      Petitioner was accused of injuring Leticia Garcia in three

19  separate incidents in 2004, and of arson in connection with the

20  third incident.  The jury found him guilty of three counts of

21  corporal injuries on a cohabitant and one count of arson of an

22  inhabited structure.  At Petitioner's preliminary hearing, the

23  arresting officers from the three incidents testified about

24  Garcia's statements to them at the time of those incidents.  At

25  the preliminary hearing, Garcia acknowledged making statements to

26  officers that incriminated Petitioner, but she then repudiated

27  them.  At trial, Garcia invoked her rights under the Fifth

28  Amendment of the United States Constitution and refused to testify

regarding the three incidents or her relationship with Petitioner. Instead, a transcript of Garcia's testimony at Petitioner's preliminary hearing was read to the jury.  Petitioner's trial counsel did not object to admission of Garcia's preliminary hearing transcript, but she did object to the admission of the officers' preliminary hearing transcripts.

The California Court of Appeal affirmed the judgment on March 27, 2008.  The California Supreme Court denied review on July 9, 2008.  The United States Supreme Court denied certiorari on November, 3, 2008.

Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court on November 3, 2009.  Petitioner then filed a federal habeas petition with this Court on November 9, 2009.  On February 10, 2010, this Court stayed the federal proceedings pending Petitioner's exhaustion of state judicial remedies.  Petitioner's state petition was denied on April 22, 2010; Petitioner's amended federal habeas petition was filed on September 1, 2010.

LEGAL STANDARD

I. Habeas Corpus

A federal writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claims: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

1  (2) resulted in a decision that was based on an unreasonable

2  determination of the facts in light of the evidence presented in

3  the State court proceeding."  28 U.S.C. § 2254(d).

4       "Under the 'contrary to' clause, a federal habeas court may

5  grant the writ if the state court arrives at a conclusion opposite

6  to that reached by [the Supreme] Court on a question of law or if

7  the state court decides a case differently than [the Supreme]

8  Court has on a set of materially indistinguishable facts."

9  Williams v. Taylor, 529 U.S. 363, 412-13 (2000).  "Under the

10  'unreasonable application' clause, a federal habeas court may

11  grant the writ if the state court identifies the correct governing

12  legal principle from [the Supreme] Court's decisions but

13  unreasonably applies that principle to the facts of the prisoner's

14  case."  Id. at 413.

15       The only definitive source of clearly established federal law

16  under Title 28 U.S.C. section 2254(d) is in the holdings of the

17  Supreme Court as of the time of the relevant state court decision.

18  Id. at 412.  But circuit law may be persuasive authority for

19  purposes of determining whether a state court decision is an

20  unreasonable application of Supreme Court law.  Clark v. Murphy,

21  331 F.3d 1062, 1070-71 (9th Cir. 2003).

22       In determining whether the state court's decision is contrary

23  to, or involved an unreasonable application of, clearly

24  established federal law, a federal court looks to the decision of

25  the highest state court to address the merits of a petitioner's

26  claim in a reasoned decision.  LaJoie v. Thompson, 217 F.3d 663,

27  669 n.7 (9th Cir. 2000).  If constitutional error is found, habeas

28  relief is warranted only if the error had a "'substantial and

1 injurious effect or influence in determining the jury's verdict.'"

2 Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht v.

3 Abrahamson, 507 U.S. 619, 638 (1993)).

4                              DISCUSSION

5      Respondent's answer poses two grounds on which the petition

6 should be denied: (1) Petitioner has submitted a mixed petition

7 because he has not exhausted all of his claims; and (2)

8 Petitioner's claims do not survive on the merits.

9 I. Mixed Petition

10      Respondent argues, without explanation, that Petitioner

11 failed to exhaust state remedies for his claim of ineffective

12 assistance of appellate counsel.  On this basis, Respondent argues

13 that Petitioner has submitted a mixed petition that must be

14 dismissed.  This argument fails; Petitioner included a claim for

15 ineffective assistance of appellate counsel in his state habeas

16 petition, Resp.'s Ex. B, and "habeas corpus is the appropriate

17 means to remedy deprivation of the effective assistance of

18 appellate counsel."  In re Spears, 157 Cal. App. 3d 1203, 1208

19 (1984).

20 II. The Merits of the Petition

21      A. Confrontation Right

22      This Court examines the reasonableness of the decision of the

23 California Court of Appeal.  It addressed Petitioner's argument

24 that the admission of the officers' preliminary hearing testimony,

25 containing prior statements made by Garcia, violated his

26 constitutional right to confront witnesses against him because he

27 never had an opportunity to confront Garcia.  The rule announced

28 in Crawford v. Washington requires that, in order for testimonial

4

United States District Court
For the Northern District of California

1    hearsay statements to be admissible, the witness must be

2    unavailable and the defendant must have had a prior opportunity to

3    cross-examine that witness.  541 U.S. 36, 53-54 (2004).  Although

4    Garcia's statements were likely testimonial, it is unnecessary to

5    make that determination, because there was an opportunity for

6    cross-examination.

7        The Court of Appeal reasonably decided that Petitioner's

8    confrontation right had not been violated by the admission of the

9    officers' and Garcia's preliminary hearing transcripts.  Garcia

10   invoked her Fifth Amendment right and refused to testify at trial,

11   but she testified at Petitioner's preliminary hearing, and was

12   cross-examined by Petitioner's trial counsel.  Petitioner argues

13   that this opportunity to cross-examine Garcia at the preliminary

14   hearing was inadequate.  It was at this hearing that Garcia

15   repudiated her previous statements to officers as false

16   accusations against Petitioner.  The court analogized Petitioner's

17   case to "a similar situation" in which the California Court of

18   Appeal found that an officer's testimony containing a witness's

19   previous statements to him did not violate Crawford because the

20   defendant had the opportunity to cross-examine the witness at the

21   preliminary hearing.  See People v. Price, 120 Cal. App. 4th 224,

22   235 (2004).  "Generally speaking, the Confrontation Clause

23   guarantees an opportunity for effective cross-examination, not

24   cross-examination that is effective in whatever way, and to

25   whatever extent, the defense might wish."  Delaware v. Fensterer,

26   474 U.S. 15, 20 (1985).  The Court of Appeal in Petitioner's case

27   cited the Supreme Court in explaining its decision: "The most

28   successful cross-examination at the time the prior statement was

                                    5

**United States District Court**
For the Northern District of California

1    made could hardly hope to accomplish more than has already been

2    accomplished by the fact that the witness is now telling a

3    different, inconsistent story, and--in this case--one that is

4    favorable to the defendant."  Resp't's Ex. A (quoting California

5    v. Green, 399 U.S. 149, 159 (1970)).  Petitioner not only had the

6    opportunity to cross-examine Garcia but, in doing so, elicited

7    testimony that was in his favor.

8         B. Right to Counsel

9         Petitioner claims that his trial counsel failed to object to

10   hearsay testimony, that her failure to object fell below the

11   standard of performance required by the Sixth Amendment, and that

12   she admitted she had no time to investigate or prepare for his

13   defense.  He claims that a reasonable probability exists that, but

14   for trial counsel's failures in these regards, a result more

15   favorable to Petitioner would have occurred.  Petitioner further

16   claims that his appellate counsel failed to present newly

17   discovered, exculpatory evidence on appeal, which prevented him

18   from obtaining a more favorable result.

19        1. Legal Standard

20        A claim of ineffective assistance of counsel is cognizable as

21   a claim of denial of the Sixth Amendment right to counsel, which

22   guarantees not only assistance, but effective assistance of

23   counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  The

24   benchmark for judging any claim of ineffectiveness must be whether

25   counsel's conduct so undermined the proper functioning of the

26   adversarial process that the trial cannot be relied upon as having

27   produced a just result.  Id.

28

**United States District Court**
For the Northern District of California

1    In order to prevail on a Sixth Amendment ineffectiveness of

2  counsel claim, Petitioner must establish two things.  First, he

3  must establish that counsel's performance was deficient, that is,

4  that it fell below an "objective standard of reasonableness" under

5  prevailing professional norms.  Id. at 687-88.  Second, he must

6  establish that he was prejudiced by counsel's deficient

7  performance, that is, that "there is a reasonable probability

8  that, but for counsel's unprofessional errors, the result of the

9  proceeding would have been different."  Id. at 694.  The

10  Strickland framework for analyzing ineffective assistance of

11  counsel claims is considered to be "clearly established Federal

12  law, as determined by the Supreme Court of the United States" for

13  the purposes of Title 28 U.S.C. section 2254(d) analysis.  See

14  Williams v. Taylor, 529 U.S. 362, 404-08 (2000).

15              2. Ineffective Assistance of Trial Counsel

16    Petitioner argues that trial counsel was ineffective for

17  failing to object to admission of Garcia's and the officers'

18  preliminary hearing testimony and for failing to remove herself

19  from Petitioner's case despite allegedly not having the time to

20  investigate the facts and prepare an adequate defense.  As set out

21  in Strickland, the Court "indulge[s] a strong presumption that

22  counsel's conduct falls within the wide range of reasonable

23  professional assistance."  466 U.S. at 689.

24    It was reasonable for Petitioner's counsel not to object to

25  admission of Garcia's preliminary hearing testimony.  Garcia's

26  testimony at the preliminary hearing was exculpatory, and the only

27  evidence that controverted Garcia's original statements to the

28  police.  Petitioner also contends that counsel was ineffective for

**United States District Court**
For the Northern District of California

1   failing to object to admission of the officers' preliminary

2   hearing testimony.  His argument fails because she did in fact

3   object to the officers' testimony.  As to both of these claims,

4   Petitioner also fails to satisfy the second part of the Strickland

5   analysis because he fails to show how the admission of the

6   statements caused him any prejudice: Garcia's testimony was in his

7   favor; the officers were available to testify, did testify, and

8   were cross-examined at his trial.

9        Petitioner further claims that his trial counsel should have

10  removed herself from his case because she lacked the time to

11  investigate and prepare a defense.  Although Petitioner does not

12  explain the facts behind the claim in his federal petition, his

13  state petition identifies statements made at a Marsden[1] hearing,

14  where Petitioner complained that his counsel had asked

15  Petitioner's mother to help investigate the case.  Petitioner

16  argued that trial counsel had failed to send an investigator.  Ex.

17  O.  Trial counsel replied that she did have an investigator and

18  that she enlisted the mother's help because people in the

19  community do not like to talk to attorneys.  Id.  The court denied

20  Petitioner's motion and found trial counsel's representation

21  reasonable and competent.

22            3. Ineffective Assistance of Appellate Counsel

23       Petitioner bases his claim for ineffective assistance of

24  appellate counsel on appellate counsel's failing to complain that

25  trial counsel was ineffective for not introducing letters and

26  _____

27  [1] People v. Marsden, 2 Cal.3d 118 (1970), provides for a hearing
    for a criminal defendant who wishes to discharge counsel and
    substitute new counsel based on inadequate representation.

28

1  declarations from Garcia containing what Petitioner believed was

2  exculpatory evidence.  These letters and declarations contain

3  statements by Garcia repudiating her initial statements to police.

4  Petitioner moved for a new trial and presented these materials to

5  the trial court.  The Constitution imposes no obligation on

6  appellate counsel to raise every issue, even non-frivolous ones,

7  requested by a defendant.  Jones v. Barnes, 463 U.S. 745, 751-754

8  (1983) (rejecting per se rule that client must be allowed to

9  decide what issues to present on review).  Rather, "the weeding

10  out of weaker issues is widely recognized as one of the hallmarks

11  of effective appellate advocacy."  Miller v. Keeney, 882 F.2d

12  1428, 1434 (9th Cir. 1989).  Not only is Petitioner's appellate

13  counsel entitled to discretion on which issues to raise on appeal

14  but, as the trial court observed at the hearing on Petitioner's

15  new trial motion, Garcia's statements were cumulative as "further

16  recantation or reassertion of the testimony given at the

17  preliminary hearing under oath."  The trial judge opined that the

18  letters would not have resulted in a different jury verdict.  Ex.

19  G. at 703-704.

20                              CONCLUSION

21       For the foregoing reasons, the petition for writ of habeas

22  corpus is DENIED.

23       Rule 11(a) of the Rules Governing Section 2254 Cases now

24  requires a district court to rule on whether a petitioner is

25  entitled to a certificate of appealability in the same order in

26  which the petition is denied.  Reasonable jurists could find the

27  Court's assessment of Petitioner's claims debatable.  See Slack v.

28  McDaniel, 529 U.S. 473, 484 (2000).  Thus, a certificate of

1  appealability is GRANTED.   The Clerk of the Court shall enter

2  judgment in favor of Respondent and close the file.

3

4       IT IS SO ORDERED.

5

6  Dated:   11/8/2011                              CLAUDIA WILKEN
                                                   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California